**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**BOBBY LEE ROBERTSON**                                                                    **PLAINTIFF**

**v.**                                    **Case No. 4:12-cv-122-KGB**

**TONEY HALEY and
CHAD STEPHENSON,
in their individual and official capacities**                              **DEFENDANTS**

<u>**ORDER**</u>

Plaintiff Bobby Lee Robertson, a pretrial detainee, brings this lawsuit *pro se* pursuant to

42 U.S.C. § 1983 against Officer Chad Stephenson, a drug task force agent with the Pope County

Sheriff's Department, and Special Agent Tony Haley, a trooper with the Arkansas State Police,

in both their individual and official capacities.   Mr. Robertson alleges that the defendants

improperly arrested him without a warrant and stole money from him.   Pending before the Court

is Mr. Robertson's motion for leave to file an amended reply and, in the alternative, motion to

amend (Dkt. No. 24).

Mr. Robertson filed his complaint on February 23, 2012.   On April 30, 2012, Trooper

Haley answered, and on May 22, 2012, he moved to amend his answer.   On May 29, 2012, in

response to Trooper Haley's motion to amend his answer, Mr. Robertson filed a motion for leave

to file an amended reply and, in the alternative, motion to amend (Dkt. No. 24).   It is unclear to

this Court whether Mr. Robertson intended with this filing to request leave to amend his

complaint or intended this request as alternative relief.   Mr. Robertson states in the filing:

"Furthermore, plaintiff seeks to amend plaintiff's complaint to add Arkansas State Trooper Chris

Goodman as a defendant, relying on the same facts alleged in the plaintiff's Original Complaint."

(Dkt. No. 24, ¶ 4).   Mr. Robertson attached to the motion what may be a proposed amendment

(Dkt. No. 24, at 3-5).

Officer Stephenson filed a motion for summary judgment (Dkt. No. 37).  In response, Mr. Robertson asks the Court to disregard Officer Stephenson's motion because Mr. Robertson asserts that he previously requested leave to amend his complaint and should now be permitted to amend his complaint "to add Chris Goodman, as a defendant, relying on the same facts alleged in plaintiff's original complaint (Doc. 2)."  (Dkt. No. 45, at 3).  His initial request for leave to amend came three months after he originally filed this lawsuit, before the Court issued an initial scheduling order, and over seven months prior to any party filing a motion for summary judgment.  The Court acknowledges that no party responded to this request and that this request has not yet been ruled on by the Court.

As an initial matter, Mr. Robertson's motion to amend his complaint to add Trooper Goodman as a defendant does not bear on whether Officer Stephenson is entitled to summary judgment.  Courts have recognized that a motion to amend the complaint is not a proper response to a summary-judgment motion.  *See, e.g.*, *Leaf Funding, Inc. v. Florissant Mrg, Inc.*, No. 4:08-CV-284 (CEJ), 2009 WL 2849587 (E.D. Mo. Sept. 1, 2009); *Beckman v. U.S.P.S.*, 79 F. Supp. 2d 394, 408 (S.D.N.Y. 2000);  *Gianfriddo v. W. Union Tel. Co.*, CIV. A. 84-3273-MA, 1985 WL 48174 (D. Mass. June 7, 1985) *aff'd*, 787 F.2d 6 (1st Cir. 1986).  The Court will analyze Officer Stephenson's request for summary judgment by separate order.  The Court first will address Mr. Robertson's motion to amend.

In this instance, Rule 15(a) governs whether Mr. Robertson should be granted leave to amend his complaint.  It provides "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  There is no absolute right to amend.  *See, e.g.*, *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir. 1994).  However, a motion to amend

should be denied on the merits "only if it asserts clearly frivolous claims or defenses." *Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir. 1994), *cert. denied*, 513 U.S. 1198 (1995).  The Eighth Circuit has held that "'futility constitutes a valid reason for the denial of a motion to amend.'"  *In re K-tel Int'l, Inc. Sec. Litig.*, 300 F.3d 881, 889 (8th Cir. 2002) (quoting *Knapp v. Hanson*, 183 F.3d 786, 790 (8th Cir. 1999)).   A court may deny a motion for leave to amend for futility if the proposed amendments would not save the party's claim from dismissal.  *See Mississippi River Revival, Inc., v. City of Minneapolis, Minn.*, 319 F.3d 1013, 1018 (8th Cir. 2003).  A determination that an amendment is futile means the Court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 781-82 (8th Cir. 2008).

The Court is unable to make a determination under Rule 12(b)(6) that Mr. Robertson's proposed amendment would be futile.  The Court grants Mr. Robertson leave to amend his complaint to add Trooper Goodman "relying on the same facts alleged in the plaintiff's Original Complaint." (Dkt. No. 24).  The Court directs Mr. Robertson to file his amended complaint within 14 days of the date of this Order.

The Court removes this case from the March 4, 2013, trial docket.  The Court has under advisement the pending motions for summary judgment filed by Officer Stephenson and Trooper Haley and will address those by separate order.

Pursuant to Local Rule 5.5 (c)(2), it is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  If

any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.

SO ORDERED this the 20th day of February, 2013.

_____
Kristine G. Baker
United States District Judge